# EXHIBIT A



# Notice of Service of Process

**LDD / ALL**
**Transmittal Number: 28910093**
**Date Processed: 04/12/2024**

| | |
|---|---|
| **Primary Contact:** | Marianne Litwa<br>Trans Union<br>2 Baldwin Pl<br>Crum Lynne, PA 19022-1370 |
| **Electronic copy provided to:** | Daisy Cornejo<br>Laura Rang<br>Anne Reader |

| | |
|---|---|
| **Entity:** | Trans Union LLC<br>Entity ID Number  1884665 |
| **Entity Served:** | TransUnion LLC |
| **Title of Action:** | Corey Pollard vs. TransUnion LLC |
| **Matter Name/ID:** | Corey Pollard vs. TransUnion LLC (15562027) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Howard County Circuit Court, MD |
| **Case/Reference No:** | C-13-CV-24-215 |
| **Jurisdiction Served:** | Maryland |
| **Date Served on CSC:** | 04/12/2024 |
| **Answer or Appearance Due:** | 60 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Clerk of the Circuit Court - Howard County<br>410-313-2111 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND**

9250 Judicial Way, Ellicott City, Maryland, 21043

Main: 410-313-2111
Civil: 410-313-3844
Criminal: 410-313-3822
Juvenile: 410-313-3827
Land Records: 410-313-5850
Calendar Office: 410-313-4185
Family Law: 410-313-2225

**To:** TRANSUNION LLC
555 W ADAMS STREET
CHICAGO, IL 60661

| | |
|---|---|
| **Case Number:** | C-13-CV-24-000215 |
| **Other Reference Number(s):** | |
| **Child Support Enforcement Number:** | |

COREY POLLARD VS. TRANSUNION LLC

Issue Date: 3/15/2024

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 60 days after service of this summons upon you, in this court, to the attached complaint filed by:

COREY POLLARD
P O Box 6771
COLUMBIA, MD 21045

This summons is effective for service only if served within 60 days after the date it is issued.

*Wayne A Robey*

Wayne A. Robey
Clerk of the Circuit Court

To the person summoned:

Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.

Personal attendance in court on the day named is NOT required.

It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

**Corey Pollard vs. TransUnion LLC**

**Circuit Court for Howard County**
**Case Number: C-13-CV-24-000215**

To:  TRANSUNION LLC

_____ ID# _____ of the _____
        Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
                                  Name of person served

on _____ at _____
       Date of service                        Location of service

_____ by _____ with the following:
                                  Manner of service

- [ ] Summons
- [ ] Complaint
- [ ] Motions
- [ ] Petition and Show Cause Order
- [ ] Other _____
                Please specify

- [ ] Counter-Complaint
- [ ] Domestic Case Information Report
- [ ] Financial Statement
- [ ] Interrogatories

(2) Was unable to serve because:
- [ ] Moved left no forwarding address
- [ ] No such address
- [ ] Address not in jurisdiction
- [ ] Other
                                          Please specify

Sheriff fee: $ _____  [ ] waived by _____

_____    _____
Date                    Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).



**CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND**

9250 Judicial Way, Ellicott City, Maryland, 21043

Civil: 410-313-3844
Criminal: 410-313-3822
Juvenile: 410-313-3827
Land Records: 410-313-5850
Calendar Office: 410-313-4185
Family Law: 410-313-2225

To: TRANSUNION LLC
555 W ADAMS STREET
CHICAGO, IL 60661

|  |  |
|---|---|
| **Case Number:** | **C-13-CV-24-000215** |
| **Other Reference Number(s):** |  |
| **Child Support Enforcement Number:** |  |

COREY POLLARD VS. TRANSUNION LLC

Issue Date: 3/15/2024

# WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 60 days after service of this summons upon you, in this court, to the attached complaint filed by:

COREY POLLARD
P O Box 6771
COLUMBIA, MD 21045

This summons is effective for service only if served within 60 days after the date it is issued.

*Wayne A Robey*

Wayne A. Robey
Clerk of the Circuit Court

To the person summoned:

Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.

Personal attendance in court on the day named is NOT required.

It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1.  This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2.  Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3.  Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4.  If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

Corey Pollard vs. TransUnion LLC

Circuit Court for Howard County
Case Number: C-13-CV-24-000215

To: TRANSUNION LLC

_____ ID# _____ of the _____
                Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
                                          Name of person served

on _____ at _____
          Date of service                                    Location of service

_____ by _____ with the following:
                                                          Manner of service

☐ Summons                              ☐ Counter-Complaint
☐ Complaint                            ☐ Domestic Case Information Report
☐ Motions _____       ☐ Financial Statement
☐ Petition and Show Cause Order        ☐ Interrogatories
☐ Other _____
              Please specify

(2) Was unable to serve because:
☐ Moved left no forwarding address    ☐ No such address
☐ Address not in jurisdiction          ☐ Other

                                                                    _____
                                                                          Please specify

Sheriff fee: $ _____    ☐ waived by _____

_____          _____
          Date                          Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

CC-CV-032 (Rev. 03/2024)              Page 2 of 2                    03/15/2024 11:51 AM




**CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND**
9250 JUDICIAL WAY
ELLICOTT CITY, MARYLAND  21043
Main: 410-313-2111 Civil: 410-313-3844 Criminal: 410-313-3822 Juvenile: 410-313-3827 Land Records: 410-313-5850 Calendar Office: 410-313-4185 Family Law: 410-313-2225

**Case Number:   C-13-CV-24-000215**
**Other Reference Numbers:**

**Corey Pollard vs. TransUnion LLC**

## SCHEDULING ORDER

This Order is your official notice of dates established pursuant to this Courts Differentiated Case Management Plan.  The above case has been assigned to the <u>EXPEDITED TRACK</u>.  ANY MODIFICATIONS OF THIS SCHEDULING ORDER MUST BE REQUESTED BY WRITTEN MOTION AND FILED BEFORE THE COMPLIANCE DATE(S).  The motion must provide good cause to justify the requested modification.  Stipulations between the parties and/or their counsel shall not change any deadline in this Scheduling Order absent Court approval.

It is hereby ORDERED that the following events shall occur by the following dates:

1.  Plaintiff's Experts shall be identified by 08/13/2024.  Pursuant to Md. Rule 2-402(g), any designation shall include the following: (i) the subject matter on which the expert is expected to testify at trial; (ii) the substance of the findings and the opinions to which the expert is expected to testify and a summary of grounds for each opinion; and (iii) the production of any written report made by the expert concerning those findings and opinions.

2.  Defendant's Experts shall be identified by 09/12/2024.  Pursuant to Md. Rule 2-402(g), any designation shall include the following: (i) the subject matter on which the expert is expected to testify at trial; (ii) the substance of the findings and the opinions to which the expert is expected to testify and a summary of grounds for each opinion; and (iii) the production of any written report made by the expert concerning those findings and opinions.

3.  Rebuttal expert witnesses shall be identified by 09/26/2024.  Pursuant to Md. Rule 2-402(g), any designation shall include the following: (i) the subject matter on which the expert is expected to testify at trial; (ii) the substance of the findings and the opinions to which the expert is expected to testify and a summary of grounds for each opinion; and (iii) the production of any written report made by the expert concerning those findings and opinions.

4.  All discovery shall be commenced so as to be concluded by 10/12/2024.  The filing of a motion to compel or a motion for protective order will not result in a general extension of the discovery deadline.  All parties are advised that this Court will enforce the Discovery Guidelines of the State Bar as set forth in the Maryland Rules when resolving discovery disputes.  Extensions of time to answer specific discovery must be approved by Court Order for good cause shown.  Failure to timely respond to discovery fully and completely because the discovery deadline is not imminent, or for any other reason lacking merit, will subject the offending party to sanctions, including attorney's fees. ·

5.  All amended pleadings must be filed by 09/19/2024.

6.  All motions (except motions in limine), including dispositive motions, must be filed by 09/27/2024.

7.  Objections to portions of testimony on videotape, (including de bene esse depositions), for which a party seeks ruling by the Court for purposes of trial shall be submitted no later than 30 days prior to trial.  Any opposition should be submitted within 10 days thereafter.  Failure to timely follow these requirements may result in any such objection being considered waived.

**Corey Pollard vs. TransUnion LLC**

Case Number: **C-13-CV-24-000215**
Other Reference Number(s):

8.  Notice of intent to use computer-generated evidence at trial must be given 30 days prior to trial.

9.  Parties are to exchange draft pretrial statements on or before 10/07/2024. A final joint pretrial statement, witness list and list of exhibits shall be filed with the court on or before 10/17/2024.

10. In cases when a jury trial has been prayed, a joint pretrial statement, requested voir dire, motions in limine, proposed jury instructions and proposed verdict sheet shall be submitted one week prior to trial. If using Maryland Pattern Jury Instructions (MPJI), it is only necessary to submit the MPJI numbers. The text of any other proposed jury instructions(s) must be provided to the Court as well as the legal authority for such instructions.

11. Suitable cases will be referred to Facilitation or Settlement Conference by 10/31/2024. An Order for Facilitation OR Settlement Conference will be mailed to all counsel and unrepresented parties. If the parties are not ordered to attend Facilitation or Settlement Conference, the case will be scheduled for trial. If settlement is not reached in Facilitation or Settlement Conference, counsel and any unrepresented parties will be directed to the Calendar Management Department to obtain a trial date.

Failure to abide by this order will subject the non-complying counsel, party, or both to appropriate sanctions.

Entered: Clerk, Circuit Court for
Howard County, MD
March 15, 2024

_3/15/2024_
Date

_William V. Tucker_
William V. Tucker

County Administrative Judge

cc:   Corey Pollard
      Transunion Llc

**Need for Accommodation or Interpreter:** If any attorney or party who is required to appear before the Court is in need of an accommodation under the Americans with Disability Act or needs an interpreter, please contact the Court at 410-313-2028 or the Administrative Judge's Office at 410-313-2143.

## IN THE CIRCUIT COURT OF MARYLAND FOR HOWARD COUNTY

Corey Pollard,

  Plaintiff,

      v.

TransUnion LLC

  Defendant.

Case No. C-13-CV-24-215

Invasion of Privacy

Unjust Enrichment

## VERIFIED COMPLAINT FOR EQUITABLE & LEGAL RELIEF

Corey Pollard ("hereinafter Mr. Pollard") as an individual, complains and alleges against TransUnion LLC ("hereinafter TransUnion") as follows:

### JURISDICTION & VENUE

1.      This Court has jurisdiction to hear and adjudicate equity claims pursuant to the Maryland State Constitution. This Court has personal jurisdiction over TransUnion because it conducts and transacts business with the people in this district, therefore, personal jurisdiction has been established. The Plaintiff submits to this Court's jurisdiction to maintain this action, therefore personal jurisdiction has been established.

### THE PARTIES

2.  Plaintiff is a man who sometimes acts as a consumer and resides in the State of Maryland.

3.      TransUnion is a foreign limited liability company whose principal address is located at 555 W. Adams Street Chicago, IL 60661.

### FACTUAL ALLEGATIONS

4.      TransUnion is a business/ corporation registered to do business in Maryland.

5.      There is no contractual agreement between Mr. Pollard and TransUnion.

6.      According to its website, TransUnion is a global information and insights company.

7.      A global information and insights company is an entity that operates internationally and focuses on gathering, analyzing, and delivering data driven insights to other enterprises.

8. As a global information and insights company TransUnion "compiles" (gathers, assembles, and evaluate) personal information to produce consumer files and reports, which they then sell to other businesses and entities for profit.

9. TransUnion has unauthorized access to Mr. Pollard's private and sensitive information, which is not publicly available.

10. TransUnion lacks any legitimate, legal, or justifiable right to access, collect, assemble, or evaluate Mr. Pollard's non-public information.

11. On multiple occasions Mr. Pollard demanded TransUnion to cease storing, collecting, assembling, and evaluating his personal non-public information but TransUnion has persistently refused to comply, thereby continuing to violate his fundamental right to privacy.

12. Mr. Pollard has requested that TransUnion permanently remove all addresses. The addresses stored in TransUnion's files/records are personal and private. TransUnion has persistently declined to delete the address from their files/records, thereby violating his fundamental right to privacy.

13. Mr. Pollard has requested that TransUnion permanently remove all account balances and payment histories. The account balances and payment histories stored in TransUnion files/records are personal and private financial matters. TransUnion has persistently declined to delete the account balances and payment histories from their files/records, thereby violating his fundamental right to privacy.

14. Mr. Pollard has requested that TransUnion permanently remove all inquiries in which Mr. Pollard personally sought financing. The inquiries stored in TransUnion files/records are personal and private matters. TransUnion has persistently declined to delete the inquiries from their files/records, thereby violating his fundamental right to privacy.

## I: INVASION OF PRIVACY ARGUMENT

15. TransUnion persistently, intentionally, deliberately, and unreasonably intrudes upon the privacy and personal affairs of Mr. Pollard.

16. Common law has long acknowledged a right to personal privacy, encompassing both traditional and modern interpretations where individuals retain control over their information.

17. In Maryland, legal principles prohibit unauthorized and intentional intrusion into an individual's private matters or personal space without their consent. Private matters denote personal affairs, issues, or concerns that individuals regard as confidential and opt to keep undisclosed to the public or unauthorized parties. The Supreme Court has recognized a right to privacy "in avoiding disclosure of personal matters." Whalen v. Roe 429 U.S 589-599-601, 97 S. Ct. 869, 51 L. Ed. 2d 64 (1977). Following in the Supreme Court's footsteps, the

Fourth Circuit has long recognized a right to privacy in personal information. *See Taylor v. Best, 746 F. 2d 220, 225 (4ᵗʰ Cir. 1984)*. The constitutional right to privacy protects personal private information.

18.    In this case, TransUnion ongoing storage and collection of Mr. Pollard's personal non-public information intrudes upon his private affairs. The alleged account statuses, account balances, and timing of payments are considered confidential financial matters between Mr. Pollard and the alleged creditors. TransUnion purportedly employs around 9,000 individuals who reportedly have access to the files/records containing Mr. Pollard's personal non-public information, including addresses, his social security number, account statuses, and balances. This access constitutes an invasion of privacy due to unauthorized access.

There is a strong expectation of privacy concerning personal details like addresses, social security numbers, account balances, and payment histories. Individuals, including Mr. Pollard, generally anticipate and expect that such data will remain confidential and will only be accessed by authorized entities. TransUnion, a business with which he does not wish to engage, having access to the majority, if not all, of his private financial information, including his SSN, past and present employers, addresses etc. is highly offensive and unreasonable. Such access would be considered unreasonable and unacceptable for the average person.

As a free individual, he has the right to choose with whom to do business. TransUnion's unauthorized access to Mr. Pollard personal information is a business practice for them, and being compelled to engage in business with them violates both the law and the right of the individuals in the United States. TransUnion's persistent refusal to cease collecting, storing, assembling, and disseminating Mr. Pollard's personal non-public information constitutes an invasion of his right to privacy.

19.    Due to TransUnion's invasion and intrusion into Mr. Pollard's right to privacy, he has experienced harm to his reputation, emotional distress, mental anguish, and humiliation. TransUnion actions were intentionally malicious and exhibited gross recklessness, demonstrating a blatant disregard for the truth.

20.    Due to TransUnion's gross and reckless invasion and intrusion upon the right to privacy, Mr. Pollard is entitled to recover both actual and punitive damages. The amount should be commensurate with TransUnion's wrongful acts and sufficient to punish and deter similar reprehensible conduct in the future.

## II: UNJUST ENRICHMENT

21.    Mr. Pollard reaffirms and incorporates by reference, as fully stated herein, every allegation set forth in paragraphs 1-20.

22.    It is widely acknowledged that TransUnion, functioning as a global insights company and consumer reporting agency receives financial compensation for collecting, gathering, storing, assembling, disseminating,

and furnishing Mr. Pollard's personal non-public information. Moreover, TransUnion profits from the unauthorized retrieval of information stored in their files/records by imposing fees on businesses and lenders for accessing such data and information. This compensation also helps sustain their operations. There is no dispute that TransUnion has unjustly gained and benefited at the expense of violating Mr. Pollard's right to privacy. Therefore, retaining such benefit without compensation would be unjust.

WHEREFORE, the Plaintiff respectfully moves this Court for judgment against TransUnion as follows:

1. Irreversible and complete removal of all accounts and payment history purportedly belonging to the Plaintiff, which are stored in their database/files, for Navy Federal Credit Union and Truist Bank.

2. Irreversible and complete removal of all addresses purportedly associated with the Plaintiff, which are stored in their database/files.

3. Irreversible and complete removal of all employers purportedly associated with the Plaintiff, which are stored in their database/files.

4. Restriction of collecting and storing any non-public personal information of the Plaintiff unless explicit written authorization, consent, and approval is directly obtained from the Plaintiff.

5. For actual damages in the amount of $15,000.00

6. For special damages such as punitive damages $40,000.00

7. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Corey Pollard
P.O Box 6771
Columbia, MD 21045

## AFFIDAVIT OF TRUTH AND FACT

I <u>Corey Pollard</u> the Undersigned Affiant, hereinafter "Affiant," does hereby solemnly swear, declare, and state as follows:

1.  I am competent to state the matters set forth herewith.

2.  All the statements and facts contained in the foregoing Verified Complaint for Equitable Relief are true, correct, and complete in accordance with Affiant's best firsthand knowledge and understanding, and if called upon to testify as a witness Affiant shall so state.

<u>Corey Pollard</u>

## NOTARY ACKNOWLEDGMENT

"I solemnly affirm under the penalties of perjury that the contents of this document are true to the best of my knowledge, information, and belief" and personal knowledge."

State of Maryland

I hereby certify that on the <u>3ʳᵈ</u> day <u>March</u>, in the year <u>2024</u>, before me, the subscriber, a notary public of the State of Maryland, personally appeared <u>Corey Pollard</u> and made an oath or affirmation in due form of law that the matters and facts set forth are true. As witness, my hand and notarial seal.

<u>Mary Walker</u>
Notary Public Signature

<u>Mary Walker</u>
Print

My commission expires; <u>11/2027</u>