IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| **COREY POLLARD,**<br><br>       *Plaintiff*,<br><br>v.<br><br>**TRANS UNION, LLC,**<br><br>       *Defendant*. | Case No. 1:24-cv-001381-GLR |

### DEFENDANT TRANSUNION, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant, TransUnion, LLC ("Trans Union"), by counsel, hereby submits this Opposition to Plaintiff, Corey Pollard's Motion to Remand, and in support thereof states as follows:

### INTRODUCTION

On April 12, 2024, Plaintiff served TransUnion with a Summons and Complaint filed in the Circuit Court for Howard County, Maryland, as Case No. C-13-CV-24-000215. Plaintiff's Complaint alleged two counts – Invasion of Privacy (Count I) and Unjust Enrichment (Count II). TransUnion removed this action to this Court on May 10, 2024, because this Court has federal question jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331.

### ARGUMENT

This Court has subject matter jurisdiction over the claims in this case because Plaintiff's claims are preempted by the Fair Credit Reporting Act ("FCRA") such that this Court has jurisdiction. Alternatively, the Plaintiff's Complaint alleges a constitutional claim based exclusively on the United States Constitution and federal case law.

1

**I.     Plaintiff's Claims Are Preempted by the FCRA.**

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which states that federal jurisdiction exists when a federal question is presented on the face of the plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112–113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936)). State law claims can be preempted by the FCRA. *White v. Green Tree Servicing, LLC*, 118 F. Supp. 3d 867, 872 (D. Md. 2015) ("[D]istrict courts, including this Court, have adopted the 'statutory approach,' which applies Section 1681t for state statutory claims, and applies Section 1681h for state common law claims.").

"Federal law may preempt state law in three instances: 1) where Congress expressly indicates that the law is meant to preempt state law; 2) where federal law and state law conflict; and 3) where federal law occupies the entire legislative domain of an issue." *Bank of Am. Nat'l Trust & Sav. Ass'n v. Shirley*, 96 F.3d 1108, 1112 (8th Cir. 1996). "When Congress has spoken expressly, however, the preemptive scope of the federal law is governed entirely by the express language." *Id*. (quoting *Weber v. Heaney*, 995 F.2d 872, 875 (8th Cir. 1993)); *see also Davenport v. Farmers*, 378 F.3d 839, 843 (8th Cir. 2004). The FCRA provides that no consumer may bring any action or proceeding in defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency. 15 U.S.C. 1681h(e).

Here, Plaintiff claims that TransUnion lacked "authorization" to assemble and furnish his credit information.  Compl. ¶ 10-14. This conduct is expressly governed by the FCRA, and the statute specifically states the same, notwithstanding Plaintiff's efforts to recast this in his pleading as some unspecified violation of his Constitutional rights. *See* Compl. ¶ 17, 18. According to the "well-pleaded complaint rule," Plaintiff appears to claim that TransUnion

lacked a permissible purpose given his Plaintiff's express instructions to stop reporting. *See* Compl. ¶ 10-14. This ties directly into the preemption of Plaintiff's claims because 1) Congress expressly indicated that Plaintiff's invasion of privacy claim is preempted by the FCRA; 2) the same preclusion of his claim creates a conflict between the federal and state law; and 3) the FCRA occupies the entire domain of regulating the issue of invasion of privacy claims against credit reporting agencies.

Accordingly, because the Plaintiff invokes a claim specifically preempted by the FCRA, the well-pleaded complaint rule confirms that he has alleged enough for this Court to assume jurisdiction of this action.

## II. Plaintiff's Constitutional Claim Also Supports Federal Question Jurisdiction.

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which states that federal jurisdiction exists when a federal question is presented on the face of the plaintiff's complaint. *See Caterpillar Inc.*, 482 U.S. at 392. Under this rule, the plaintiff may "avoid federal jurisdiction by exclusive reliance on state law." *Id; see also Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840–41 ("The presence or absence of federal-question jurisdiction ... must be determined from what necessarily appears in the plaintiff's statement of his own claim[.]") (internal citation and quotation marks omitted).

"Supplemental jurisdiction thus allows parties to append state law claims over which federal courts would otherwise lack jurisdiction, so long as they form part of the same case or controversy as the federal claims." *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Supplemental jurisdiction extends to cases based on both federal question and diversity jurisdiction. *See id.*

Here, the Plaintiff has pled his first count – Invasion of Privacy – with exclusive reliance on the U.S. Constitution and federal case law from the U.S. Supreme Court and U.S. Court of Appeals for the Fourth Circuit. In Paragraph 17 of the Complaint, the Plaintiff sets forth the basis for his Invasion of Privacy claim. *See* Compl. ¶ 17. Therein, he states,

> In Maryland, legal principles prohibit unauthorized and intentional intrusion into an individual's private matters or personal space without their consent. Private matters denote personal affairs, issues, or concerns that individuals regarded as confidential and opt to keep undisclosed to the public or unauthorized parties. The Supreme Court has recognized a right to privacy "in avoiding disclosure of personal matters." *Whalen v. Roe* 429 U.S 589-599-601, 97 S. Ct. 869, 51. L. Ed. 2d 64 (1977). Following in the Supreme Court's footsteps, the Fourth Circuit has long recognized a right to privacy in personal information. S*ee Taylor v. Best,* 746 F. 2d 220, 223 ( 4th Cir. 1984). The constitutional right to privacy protects personal private information.

*Id.* (emphasis added). Plaintiff continues by stating, "TransUnion's unauthorized access to Mr. Pollard personal information is a business practice for them, and being compelled to engage in business with them violates both the law and the right of the individuals in the United States." *Id.* at ¶ 18.

Because federal question jurisdiction turns on whether a federal question is presented on the face of Plaintiff's complaint, this Court has jurisdiction over this action because the Plaintiff exclusively relies on the U.S. Constitution and federal case law as the basis for his claims. *See Caterpillar Inc.*, 482 U.S. at 392. In support of his Invasion of Privacy claim, plaintiff does not allege that his right to privacy comes from the Maryland Constitution or a Maryland statute. *See* Compl. ¶ 17. In fact, Maryland law – independent from the federal rights asserted – is not referenced or invoked once throughout the entire Complaint. Additionally, when referring to the

Defendant's alleged misconduct, the Plaintiff alleges violation of the "right of the individuals in the United States." *Id.* at ¶ 18.

The only reasonable interpretation of the Complaint's allegations is that the Plaintiff is asserting a federal Invasion of Privacy claim. Accordingly, his Motion to Remand must be denied because a federal question, predicated upon the constitutional rights of United States citizens, and for a claim expressly addressed and precluded by Congress, is presented on the face of the plaintiff's complaint without any reliance on state law. Plaintiff's unjust enrichment claim is part of the same case or controversy as the federal invasion of privacy claim, so this Court has supplemental jurisdiction over the same.

## CONCLUSION

WHEREFORE, for the foregoing reasons, TransUnion, LLC respectfully requests that this Honorable Court deny Plaintiff's Motion, and retain jurisdiction of this case, along with such other relief as the Court deems equitable and just.

Dated: June 14, 2024                     Respectfully submitted,

                                         **TRANS UNION, LLC**

                                         *By Counsel*

                                         <u>/s/ Jacob M. Adams</u>
                                         Geoffrey G. Grivner (MD Fed. Bar No. 20174)
                                         Jacob M. Adams (MD Fed. Bar No. 31004)
                                         **BUCHANAN INGERSOLL & ROONEY PC**
                                         1737 King Street, Suite 500
                                         Alexandria, VA 22314-2727
                                         Tel.:   (703) 838-6516
                                         Email: geoffrey.grivner@bipc.com
                                                jake.adams@bipc.com

                                         *Counsel for Defendant Trans Union, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of June, 2024, I caused a true and correct copy of the foregoing document to be served electronically via the Court's CM/ECF system. I further certify that a true and correct copy of the foregoing document was served on the following parties via First Class, U.S. Mail, postage prepaid and properly addressed as follows:

Corey Pollard
P.O. Box 6771
Columbia, MD  21045

*Pro Se Plaintiff*

*/s/ Jacob M. Adams*
Jacob M. Adams, Esq.

*Counsel for Defendant Trans Union, LLC*

.