UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

November 6, 2024

MEMORANDUM TO COUNSEL RE:   Corey Pollard v. TransUnion, LLC
                                                        Civil Action No. GLR-24-01381

Dear Counsel:

Pending before the Court is self-represented Plaintiff Corey Pollard's Motion to Remand (ECF No. 11). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will grant the Motion.

On April 12, 2024, Pollard submitted his Complaint with the Circuit Court of Maryland for Howard County against TransUnion, LLC ("TransUnion"). (Compl. ¶ 1, ECF No. 3). In the Complaint, Pollard alleged two counts against TransUnion for invasion of privacy (Count I) and unjust enrichment (Count II). (Id. ¶¶ 10–22). Pollard invokes both Maryland state law and the United States Constitution as support for his invasion of privacy claim. (Id. ¶¶ 16–17).

On May 10, 2024, Defendant TransUnion removed the case to this Court. (ECF No. 1). Pollard filed a Motion to Remand on May 31, 2024. (ECF No. 11). TransUnion opposed the Motion on June 14, 2024. (Defs.' Opp'n to Pls.' Mot. For Remand ["Opp'n"] ECF No. 13). Pollard filed a Reply on July 3, 2024. (ECF No. 14). On October 15, 2024, Pollard filed a second Motion to Remand (ECF No. 16).[1] On October 28, 2024, TransUnion opposed the Motion (ECF No. 17) and filed a Motion to Dismiss (ECF No. 18).[2]

**Standard of Review**

A party seeking removal carries the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). The Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." Goucher Coll. v. Continental Casualty Co., 541 F.Supp.3d 642, 647 (D.Md. 2021) (quoting Richardson v. Phillip Morris Inc., 950 F.Supp. 700, 702 (D.Md. 1997)). Accordingly, if federal jurisdiction is doubtful, the Court should grant a motion to remand. Mulcahey, 29 F.3d at 151.

---

[1] Pollard's second Motion to Remand (ECF No. 16) is duplicative of his first Motion to Remand (ECF No. 11). Because the Court will grant Pollard's first Motion, the second will be denied as moot.

[2] Because the Court will remand this case to state court, the Court will deny TransUnion's Motion to Dismiss (ECF No. 18) as moot. See Nielsen v. Pharms. Int'l, Inc., No. GLR-23-3327, 2024 WL 1466114, at *1 (D.Md. Apr. 4, 2024).

In Reviewing a Motion to Remand, "[t]he well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction." Mayor & City Council of Baltimore v. BP P.L.C., 31 F.4th 178 (4th Cir. 2022) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 10 n.9 (1983)). "When applying the well-pleaded complaint rule to removal and federal-question jurisdiction," "courts 'ordinarily. . . . look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331.'" Mayor & City Council of Baltimore, 31 F.4th at 197 (4th Cir. 2022) (quoting Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005)). A plaintiff is the "master of the claim" and he may "avoid federal jurisdiction by exclusive reliance on state law" in drafting his complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1988). However, even if a plaintiff asserts a state law cause of action, the complaint can be removed to federal court if either (1) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law; or (2) if the state cause of action is completely preempted by federal law. See Pinney, 402 F.3d at 442–49 (4th Cir. 2005).

Here, the parties dispute whether Pollard stated a state or federal cause of action, and even if he stated a state cause of action, whether his claims are preempted. The Court considers each basis for jurisdiction in turn.

**Analysis**

The Well-Pleaded Complaint rule allows the plaintiff to be the "master of his claim" and "avoid federal jurisdiction by exclusive reliance on state law" in drafting his complaint. Caterpillar Inc., 482 U.S. at 392. Here, TransUnion contends that Pollard stated a federal cause of action because his claim is based on federal case law. (Opp'n at 1–5). A claim based on federal law, however, does not necessarily mean the Complaint should be construed as stating a federal cause of action.

In Dixon v. Coburg Dairy, Inc., the plaintiff alleged that his employment was terminated in violation of "South Carolina Code and that the discharge was in retaliation for his exercise of constitutional rights." 369 F.3d 811, 814 (4th Cir. 2004). The United States Court of Appeals for the Fourth Circuit found that despite raising a constitutional question, the complaint contained a state cause of action. Id. at 816. The plaintiff in Dixon styled his complaint similar to Pollard in the instant case. In Dixon, the plaintiff alleged that there were two theories of liability for his termination either being under state law or federal law. Id. at 814. Also here, Pollard styled his Complaint as stating that invasion of privacy arises under Maryland state law or alternatively under federal law. (Compl. ¶¶ 16–17).

Similarly, in Mulcahey, the plaintiff filed a complaint for negligence against defendants for allegedly negligently operating their chemical plant. Mulcahey, 29 F.3d at 149. One of the plaintiff's theories of negligence was based on negligence per se of the defendant violating federal statutes and the other theory of negligence was based on the defendant violating local laws. Id. at 153–54. The Fourth Circuit found that the plaintiff's claim was a state cause of action despite one of his theories of liability resting on a federal statute. Id. at 151, 153–54. This, too, is similar to the instant case.

These cases also support not finding the Complaint to raise a federal substantive question. Although Pollard also based his claim of invasion of privacy by referencing the United States Constitution (Compl. ¶¶ 16–17), showing an alternative theory of liability is not enough to raise a federal substantive question. See Dixon, 369 F.3d at 814 (4th Cir. 2004) (plaintiff alleging discrimination in his termination through both federal and state law is not enough to raise a substantive federal question); Mulcahey, 29 F.3d at 149 (4th Cir. 1994) (plaintiff alleging negligence per se through a violation of either federal or local laws is not enough to raise a substantive federal question). Thus, the Court concludes that Pollard's Complaint will be construed as a state cause of action.

Even if there is an available defense of preemption to a plaintiff's state claims, a Motion to Remand is not granted unless there is complete preemption. See Lontz v. Tharp, 413 F.3d 435, 440 (4th Cir. 2005). The doctrine of complete preemption "converts an ordinary state common law complaint into one stating a federal claim." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987). This occurs when Congress "so preempt[s] a particular area that any civil complaint raising th[e] select group of claims is necessarily federal in character." Id. at 63–64. To remove an action on the basis of complete preemption, a defendant must establish that the plaintiff has a federal claim and that "Congress intended [the federal claim] to be the exclusive remedy for the alleged wrong." Pinney, 402 F.3d at 449 (4th Cir. 2005) (quoting King v. Marriott Int'l, Inc., 337 F.3d 421, 425 (4th Cir. 2003)).

Here, the parties dispute whether Pollard's claims are preempted by the Fair Credit Reporting Act ["FCRA"] in 15 U.S.C. § 1681h(e). In the instant case, however, there is no evidence that Congress intended to completely displace state claims in this area. See Cochran v. Newrez LLC, No. 2:21-CV-00626, 2022 WL 1600536 at *3–4 (S.D.W.Va. May 19, 2022) (reviewing FCRA and noting that nothing in the congressional history shows an intent of Congress to exclude state causes of actions). Additionally, nearly every district court that has addressed this question has decided that the FCRA does not completely preempt state claims. See, e.g., Rule v. Ford Receivables, Inc., 36 F.Supp.2d 335, 338–39 (S.D.W.Va. 1999) (denying Motion to Remand a negligence claim because negligence state claims are not completely preempted despite negligence being included in § 1681h(e)). Courts finding that § 1681h(e) does not completely preempt state causes of action is consistent with the Fourth Circuit recognizing that complete preemption represents an "extraordinary" class of cases and is rare in application. See Owen v. Carpenters' Dist. Council, 161 F.3d 767, 772 (4th Cir. 1998).

Furthermore, granting the Motion to Remand does not preclude a subsequent defense of preemption. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 590 (4th Cir. 2006) ("[F]inding that complete preemption d[oes] not create federal removal jurisdiction will have no preclusive effect on a subsequent state-court defense of federal preemption."). Indeed, the Supreme Court explained that even when a federal preemption defense to a state cause of action is obvious, removal is still inappropriate in most circumstances. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987). Thus, the Court concludes that Pollard's claims are not completely preempted by federal law. Accordingly, the Court will grant Pollard's Motion to Remand.

      For the foregoing reasons, Pollard's Motion to Remand (ECF No. 11) is GRANTED. Pollard's second Motion to Remand (ECF No. 16) is DENIED as moot and TransUnion's Motion to Dismiss (ECF No. 18) is also DENIED as moot. This case shall be REMANDED to the Circuit Court of Maryland for Howard County. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and CLOSE this case.

      Very truly yours,

      /s/
George L. Russell, III
United States District Judge

4